**NOT FOR PUBLICATION**

**FILED**

**UNITED STATES COURT OF APPEALS**

AUG 22 2022

**FOR THE NINTH CIRCUIT**

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| AIZHI DUAN, | No. 16-70340 |
| Petitioner, | Agency No. A087-875-064 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 17, 2022**

Before:     S.R. THOMAS, PAEZ, and LEE, Circuit Judges.

Aizhi Duan, a native and citizen of China, petitions pro se for review of the

Board of Immigration Appeals' ("BIA") order dismissing her appeal from an

immigration judge's ("IJ") decision denying her applications for asylum,

withholding of removal, and protection under the Convention Against Torture

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law. *Madrigal v. Holder*, 716 F.3d 499, 503 (9th Cir. 2013). We grant the petition for review and remand.

The IJ denied asylum, withholding of removal, and CAT protection based on the determinations that Duan's testimony was not credible, and the documentary evidence did not independently establish eligibility for relief. In affirming the IJ's adverse credibility determination, the BIA erred by failing to address Duan's contention that the deficiencies in her testimony were due to unreliable or faulty interpretation. *See Rios v. Lynch*, 807 F.3d 1123, 1126 (9th Cir. 2015) (BIA's failure to address a claim "constitutes error and requires remand."); *Sagaydak v. Gonzales*, 405 F.3d 1035, 1040 (9th Cir. 2005) ("IJs and the BIA are not free to ignore arguments raised by a petitioner."); *see also He v. Ashcroft*, 328 F.3d 593, 598 (9th Cir. 2003) ("[F]aulty or unreliable translations can undermine the evidence on which an adverse credibility determination is based."). Thus, we grant the petition for review and remand for further proceedings consistent with this disposition. *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam).

The government must bear the costs for this petition for review.

The temporary stay of removal remains in place until the mandate issues.

**PETITION FOR REVIEW GRANTED; REMANDED.**